**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

EMERSON DWIGHT ALLEN             :

   Petitioner                              :

      v.                                      :     Civil Action No. PJM-06-999

JACK CRAGWAY, JR., WARDEN, et al.    :

   Respondents                      ..o0o..

**MEMORANDUM OPINION**

This matter is before the court on Petitioner Emerson Dwight Allen's pro se application for a writ of habeas corpus under 28 U.S.C. §2254. Petitioner challenges his conviction in the Circuit Court for Queen Anne's County for possession of cocaine. Counsel for Jack Cragway, Jr., Warden of the Maryland Correctional Pre-Release System, and J. Joseph Curran, the Attorney General of Maryland, has filed an Answer and exhibits seeking dismissal of the petition as time-barred.[1]

Upon review of the pleadings, the Court finds no need for an evidentiary hearing. *See* 28 U.S.C. Section 2254(e)(2); Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts. The Court finds the Petition is time-barred under 28 U.S.C. §2244(d)(1) and will dismiss it by separate order.

**I. Procedural History**

On September 17, 2003, the Circuit Court for Queen Anne's county sentenced Petitioner to a term of eight years imprisonment after he pleaded guilty to possession of cocaine. Petitioner did

---

[1] Pursuant to *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), the Court granted Petitioner thirty days to file a reply addressing whether equitable tolling applied or the Petition was otherwise timely. Paper No. 6. Petitioner did not file a reply.

not seek leave to appeal within the thirty days allowed by law. *See* Md. Rule 8-204(a).[2]

On September 30, 2004, Petitioner commenced state post-conviction proceedings in the Circuit Court for Queen Anne's County. The Circuit Court conducted a hearing on January 12, 2005, and by order entered on January 31, 2005, granted Petitioner the right to file a belated motion for modification of sentence, but otherwise denied post conviction relief.[3] Petitioner did not seek leave to appeal the state post-conviction court's ruling. Accordingly, those proceedings became final on March 2, 2005, when the time to appeal expired. *See* Md. Rule 8j-204(a). On February 2, 2005, Petitioner filed a Motion for Modification of Sentence.

On July 27, 2005, Petitioner filed for Writ of Habeas Corpus in the Circuit Court for Queen Anne's County, raising claims of ineffective assistance provided by his trial and post-conviction counsel. The Circuit Court denied the Petition on August 12, 2005. The Circuit Court concluded that the Petition did not comply with the Maryland Rules for state habeas corpus petitions. Resp. Ex. 4. Further, the Circuit Court also observed that the habeas petition seemed "more analogous to a petition for post conviction relief." Resp. Ex. 4. At 3. The Circuit Court continued that "...pursuant to Md. Code Ann., Crim. Pro., §7-103... petitioner is entitled to only one request or post conviction relief, which petitioner has already exhausted." *Id.*

On September 26, 2005, Petitioner appealed the Circuit Court's denial of his Writ of Habeas Corpus. Subsequently, he filed two "non-conforming' briefs in the Court of Special Appeals which were dismissed on March 24, 2006 without prejudice to his right to pursue relief in accordance with the Post Conviction Act, or, if appropriate, coram nobis relief. The Court of Special Appeals issued

---

[2] On June 4, 2004, Petitioner filed a Motion for Modification of Sentence which was denied on June 18, 2004. Resp. Ex. 1 at 6-7. The proceeding was pending for 15 days. On September 15, 2004, Petitioner filed a Motion for Belated Leave to Appeal. It was denied one day later September 16, 2004. *See id.* at 7.

[3] Proceedings on this Motion for Modification of Sentence were pending between February 1, 2005, and March 25, 2005, a total of 53 days. Resp. Ex. 1 at 8.

the mandate on June 5, 2006. Petitioner filed the instant petition for federal habeas relief on April 17, 2006.[4]

**II. Analysis**

A one-year statute of limitations applies to habeas petitions in non-capital cases for prisoners convicted in a state court. *See* 28 U.S.C. § 2244(d).[5]  Under the facts presented here, Petitioner's conviction became final for the purposes of 28 U.S.C. § 2244(d)(1)(A) on October 17, 2003, after the thirty-day period to file leave to appeal from his September 17, 2003, judgment expired. *See* Md. Rule 8-204(a); *Wade v. Robinson*, 327 F.3d 328, 330-333. (4th Cir.2003)

A total of 349 days then passed between the date Petitioner's conviction became final,

---

[4] For the purpose of assessing the timeliness of the petition under 28 U.S.C. § 2244(d)(1)-(2), the Petition is deemed to have been delivered to prison authorities on the date it was signed. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule).

[5] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

October 17, 2003, and the date on which he initiated post-conviction proceedings, September 30, 2004. Another 411 days elapsed between the date on which his post-conviction proceedings became final on March 2, 2005, and April 17, 2006, this date on which the federal habeas petition was filed. This combined period well exceeds one year.[6] Consequently, the Petition is time-barred.

 

July 26, 2006

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[6] As counsel for Respondents indicates, even if the time during which Petitioner's motions for modification of sentence and his state petition for habeas corpus were not counted towards the limitations period, a total of 147 days passed between the date post-conviction proceedings became final on March 2, 2005, and the date the state habeas petition was filed on July 27, 2005. This 147-day period when no actions were pending to toll the limitations period, when combined with the 349-day period between the time the conviction became final and post conviction relief was initiated, totals 496 days. Even if this time is reduced by the 68-day period during which motions for modification of sentence were pending, the result, 428 days, exceeds one year.

4